LAVERGNE, PETITIONER AND APPELLANT, *v.* INSULAR POLICE COMMISSION, RESPONDENT AND APPELLEE.

APPEAL from the District Court of San Juan in a Petition for a Writ of Mandamus.

No. 1967.—Decided July 31, 1919.

MANDAMUS—REMOVAL FROM OFFICE—NOTICE AND HEARING.—A hearing, as required by common justice, means that the official sought to be removed from office

shall be given reasonable notice of the specific acts or omissions of which he is accused; that he be allowed a reasonable opportunity to defend himself by answering the charges and producing evidence, and that he be permitted to confront and cross-examine the witnesses against him, albeit he may waive or abandon any of these privileges. *Cintrón* v. *Berríos,* 24 P. R. R. 673.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Mr. Luis Campillo, District Attorney,* and *Mr. R. Díaz Collazo, Assistant District Attorney,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was dishonorably discharged from the police force and appeals from a judgment of the district court refusing a writ of mandamus directing the Insular Police Commission to reinstate him.

The petition alleged, among other things, that petitioner, on November 7, 1917, while serving with due zeal and diligence as an insular policeman in the city of San Juan, was unjustly arrested by order of the *fiscal* of the district court on the groundless pretext that petitioner had violated section 93 of the Penal Code by neglect of the duty that as such policeman petitioner was performing on August 18, 1917, as custodian of the electoral ballots deposited in the building occupied by the House of Representatives and later, in May, 1918, petitioner was acquitted of said charge by the District Court of San Juan and the case was dismissed; that on account of the arrest above mentioned petitioner was unjustly suspended from his position as an insular policeman, without pay, on November 9, 1917, pending a final decision by the District Court of San Juan in the proceeding aforesaid, but that neither at the time of the alleged neglect of duty on August 18, 1917, nor at the time petitioner was arrested on November 7, 1917, nor at any other time within the year following the dates last mentioned, were charges of any sort whatever preferred against petitioner before the Insular Police Commission, either by the chief of the district of San Juan, or by the commanding officer in charge, or by any other

subordinate or competent officer; that more than a year after such arrest and suspension from office and pay on the groundless pretext aforesaid, Felipe Olmo, as district chief of San Juan, but who was not the commanding officer of that district on August 18, 1917, nor on November 7, 1917, presented to the Insular Police Commission, on November 18, 1918, formal charges against petitioner, alleging as ground therefor that petitioner gave the *fiscal* of the district of San Juan occasion to present an information against petitioner for violation of section 93 of the Penal Code, but without stating that petitioner was guilty of any violation or offense whatever, or that petitioner had been convicted on the said information; that, notwithstanding, petitioner, on November 19, 1918, denied the facts on which such charges were based and demanded an investigation in order to present evidence of his innocence, and notwithstanding that the Insular Police Commission well knew that the said charges were unjustified, that the same had not been formally presented, and that petitioner had not been convicted by any court of the charge upon which petitioner was arrested, the said commission, with passion and partiality, without hearing petitioner in his defense and without giving him an opportunity to present evidence of his innocence and in an arbitrary and illegal manner unknown to the annals of the Insular Police Commission of Porto Rico, and behind the back of petitioner, on December 9, 1918, decreed the dishonorable discharge of petitioner from the insular police force, such discharge to relate back and to take effect from and after November 7, 1917, at which time there were no charges of any sort whatever against petitioner pending before the said commission; that by virtue of such arbitrary decree petitioner has been unjustly and dishonorably discharged from his position as an insular policeman and deprived of his right to perform his duties and to collect his monthly salary as such policeman since November 7, 1917; that the ruling of the Insular Police Commission of December 9, 1918, dishonorably dis-

charging petitioner from the insular police force is, upon information, believed by petitioner to be true, the result of political machinations brought into play in order to injure petitioner, and of an erroneous interpretation placed by the Insular Police Commission on a certain opinion obtained from the Attorney General of Porto Rico with regard to the matter involved herein; that the Insular Police Commission by such action, with the deliberate purpose of unjustly injuring petitioner, has openly violated section 9 of the law providing for the organization, regulation and government of the Insular Police of Porto Rico, approved March 12, 1908, and articles 6, rule 4, article 18, rule 1, and article 19, rules 4 and 5 of the Rules and Regulations; that on December 7, 1918, petitioner demanded of the Insular Police Commission a reconsideration of its ruling as to the dishonorable discharge of petitioner from the force and a reopening of the case in order that petitioner might have an opportunity to appear before the commission, present evidence and be heard, also reinstatement of petitioner in the meanwhile in his employment as a policeman until such time as he might be legally discharged, all of which the said commission, although such action was within its power, roundly refused.

Attached to the petition as part thereof are the following documents: (*a*) A memorandum reading as follows:

"FELIPE E. LAVERGNE,
      "San Juan, Porto Rico.
            "*Insular Policeman No. 174.*

"Whereas guardsman Felipe E. Lavergne, No. 174 of this district, being on duty from 1 A. M. to 6 A. M. on the 18th day of August, 1917, as custodian of the electoral ballots deposited in an apartment of the building occupied by the House of Representatives of Porto Rico, left his beat (*abandonó su servicio*) with the result that the *fiscal* of the District Court of San Juan presented an information against him for violation of section 93 of the Penal Code, ordering his arrest and fixing bail in the sum of $500.

"All in San Juan on the 18th day of the month of November, 1918.

(Signed)    "F. OLMO,

"*Chief in charge of District.*"

(*b*) a communication from the adjutant of the insular police to the district chief of San Juan, dated December 9, 1918, with regard to charges for leaving his beat, preferred against petitioner, and, by direction of the chief of insular police, stating that such charges had been submitted to the decision of the Insular Police Commission which, after careful examination, had resolved to decree the dishonorable discharge of the accused, to take effect from and after the seventh day of November, 1917—that is to say, from the date on which the accused was suspended from office for the offense imputed in such charges; (*c*) a letter from the chairman of the Insular Police Commission addressed to the attorney of petitioner, dated December 18, 1918, stating that Lavergne was suspended from office and pay on November 9, 1917, on account of an information presented by the *fiscal* of the district of San Juan for violation of section 93 of the Penal Code; that charges were formulated against the said policeman which were submitted to him in writing and answered by him; that the Insular Police Commission had carefully examined the circumstances of the case, had requested and obtained the opinion of the Attorney General with regard to the matter and had ordered the discharge of Lavergne from the force for the good of the service; and that this being the status of the case, the matter could not be reopened in the absence of additional information to be received by the said commission.

Counsel for appellee concedes that under the law and the regulations governing the Insular Police of Porto Rico, if not under the Civil Service Law, the accused is entitled to a hearing and an opportunity to defend himself, but insists that the petition shows on its face that petitioner was fur-

nished a copy of the charges and answered the same in writing and that this satisfies all legal requirements. But the petitioner alleges that the answer to the charges as well as the request for a reopening and reconsideration of the case was coupled with a demand for an investigation and for an opportunity to present evidence to show his innocence of the charges preferred against him, and that such opportunity was denied.

Neither of the parties seemed to be aware that the question here involved was decided by this court some two years before the date of the judgment appealed from. In *Cintrón* v. *Berríos,* 24 P. R. R. 673, we held, to quote the syllabus, that—

"A hearing, as required by common justice, means that the official sought to be removed from office shall be given reasonable notice of the specific acts or omissions of which he is accused; that he be allowed a reasonable opportunity to defend himself by answering the charges and producing evidence, and that he be permitted to confront and cross-examine the witnesses against him, albeit he may waive or abandon any of these privileges."

In the case at bar there is no question of waiver and, as already pointed out, it is not contended that the Insular Police Commission has the power, without a hearing, to condemn an officer and for the good of the service to order his dishonorable discharge therefrom.

The facts above outlined, viewed in the light of the law and the regulations governing such matters, suggest a number of interesting questions, but it will suffice for the present to say that the petition shows on its face a right to an alternative writ directing the reinstatement of petitioner as a member of the police force or an appearance to show cause in the event of failure to perform, without determination of the question of salary or the granting of any other relief as prayed or prejudice to such further proceedings on the part of the Insular Police Commission as may be proper.

The judgment appealed from must be reversed and the case remanded.

*Reversed and remanded.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.